IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL RAY WILSON, SR.,**

              **Plaintiff,**

    v.                                        CASE NO. 18-3085-SAC

**RENO COUNTY SHERIFF'S OFFICE,
et al.,**

              **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the

plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

Plaintiff is incarcerated at the Reno County Correctional Facility. He alleges that in March 2018, a single item of his legal mail was opened outside his presence and was delivered to him five days after its postmark. Plaintiff states that he reported this to a sergeant at the facility who acknowledged that it was an error and agreed to look into the circumstances.

Plaintiff seeks the dismissal of pending criminal charges, relief from sentences imposed in two criminal cases, unspecified damages, and costs.

The Court has considered the complaint and has identified certain deficiencies.

First, to establish a cause of action under § 1983, plaintiff must allege the deprivation of a federal right by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 650 (1980). "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Here, plaintiff has not named a proper party because he does not identify an individual defendant; he names only the Sheriff's Department and the Reno County Correctional Facility. Neither of these entities is a suable entity in an action under § 1983.

Next, the single instance of opened mail identified here, without more, is insufficient to state a claim for relief of interference with plaintiff's right of access to the courts. To state a plausible claim, a prisoner plaintiff "must demonstrate actual injury from

interference with his access to the courts – that is that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of his confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). *See also Smith v. Maschner*, 899 F.2d 940, 844 (10th Cir. 1990)(holding that the isolated incident of a jail official opening a prisoner's legal mail "without any evidence of improper motive or resulting interference with [the prisoner's] right … of access to the courts, [did] not give rise to a constitutional violation."), *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007)(dismissing claim where plaintiff claimed legal mail was improperly opened but showed no injury and alleged only error in the opening of his mail); and *Thompson v. Hooper*, 2006 WL 1128692 *4 (D. Kan. Apr. 25, 2006)(citing *Florence v. Booker*, 23 Fed Appx. 970, 972 (10th Cir. 2001))(two isolated incidents of legal mail opened by jail officials was insufficient to state a claim unless plaintiff could "show either an improper motivation by defendants or denial of access to the courts").

This matter is subject to dismissal because plaintiff's allegations do not suggest more than an error by jail personnel. He does not identify any injury or interference with his access to the courts, nor does he name proper defendants in this action under Section 1983. Accordingly, the Court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before May 20, 2018, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without

additional prior notice.

**IT IS SO ORDERED.**

DATED: This 20th day of April, 2018, at Topeka, Kansas.

```
                         S/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge
```