IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL RAY WILSON, SR.,**

        **Plaintiff,**

v.                                                    CASE NO. 18-3085-SAC

**RENO COUNTY SHERIFF'S OFFICE, et al.,**

        **Defendants.**

## ORDER OF DISMISSAL

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner at the Reno County Correctional Facility, Hutchinson, Kansas. On April 20, 2018, the Court entered a Notice and Order to Show Cause (NOSC) directing plaintiff to address certain deficiencies in the complaint, namely, his failure to identify any individual who is a proper defendant in this action and his failure to identify any injury or interference with his right of access to the courts arising from the opening of his legal mail outside his presence on one occasion.

Plaintiff filed a timely response (Doc. #5). In the response, he states he did not know the defendants' names at the time he filed the complaint. He also asks to add claims that his rights under the Fifth and Fourteenth Amendments were violated.

The Court has considered the response and finds this matter must be dismissed.

First, plaintiff has not responded to the direction that he must identify an actual injury arising from the apparently inadvertent opening of his legal mail. As explained in the NOSC, plaintiff must allege more than the fact that legal mail was opened outside his

presence, rather, he "must demonstrate actual injury from interference with his access to the courts … [he] was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or … conditions of his confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

Next, under Rule 15(a) of the Federal Rules of Civil Procedure, that Court should freely permit the amendment of the pleadings "when justice so requires." Generally, denying leave to amend is "only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993). Here, plaintiff's request to amend the complaint fails to supply any supporting facts or argument for a claim under the Fifth and Fourteenth Amendments. Because the bare assertion of a claim under those provisions is insufficient to state a claim for relief, the Court denies plaintiff's request to amend the complaint as futile.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 30th day of May, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge